UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNY J. SHILOH, | ) Case No. ED CV 16-2281-VAP (SP) |
| Plaintiff, | ) |
| | ) MEMORANDUM AND ORDER |
| v. | ) DISMISSING ACTION FOR FAILURE |
| | ) TO PROSECUTE |
| COUNTY OF LOS ANGELES, et al., | ) |
| Defendants. | ) |
| | ) |

**I.**

**PROCEEDINGS**

On November 1, 2016, plaintiff Kenny J. Shiloh, proceeding pro se and in forma pauperis, filed a civil rights complaint in this Court against Los Angeles County and Los Angeles County Sheriff's Department ("LASD"). Plaintiff alleges defendants discriminated against him due to his disability and that his privacy rights were violated. The complaint raised many claims that were substantially identical to claims plaintiff raised in this Court in case number ED CV 15-207-VAP (SP), which the Court dismissed without leave to amend.

The Court issued its initial order in this case on November 22, 2016, in which the Court advised plaintiff it was screening the complaint pursuant to 28 U.S.C.

1

§§ 1915(e)(2) and 1915A.  In the order, the Court instructed plaintiff that he must "immediately notify the court (and defendants or defendants' attorneys) of any change in plaintiff's address and the effective date."  The Court warned plaintiff if he failed to keep the court informed of a correct mailing address, the case may be dismissed under Local Rule 41-6.

In accordance with the terms of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court screened the complaint for purposes of determining whether the action was frivolous or malicious, or failed to state a claim on which relief might be granted, or sought monetary relief against a defendant who was immune from such relief. *See* 28 U.S.C. § 1915(e)(2).  After careful review and consideration of the allegations of the complaint under the relevant standards, the Court found that it was subject to dismissal.  Specifically, the Court found that: (1) plaintiff's attempt to relitigate previously dismissed claims is barred by res judicata; (2) the complaint fails to comply with Federal Rule of Civil Procedure 8; (3) the complaint fails to state a civil rights claim against Los Angeles County or LASD; (4) the injunctive relief sought is barred by the *Rooker-Feldman* doctrine; (5) the complaint fails to state a claim based on the release of medical information; (6) the complaint fails to state an Americans with Disabilities Act ("ADA") claim; (7) the complaint fails to state a claim based on the Fourteenth Amendment; (8) the complaint fails to state a claim for failure to train; and (9) without a federal claim, the court would not exercise supplemental jurisdiction over the state law claims.

Accordingly, on September 5, 2017, the Court issued an Order dismissing the complaint with leave to amend.  If plaintiff wished to pursue this action, he was ordered to file a First Amended Complaint by October 5, 2017, curing the enumerated deficiencies.  The Order expressly admonished plaintiff that, if he failed to timely file a First Amended Complaint, the Court may recommend that his action be dismissed.

The Order was mailed to plaintiff at his address of record in Upland, California. Plaintiff failed to file a First Amended Complaint by the October 5, 2017 deadline.

Furthermore, the Court's September 5, 2017 mailing was returned to the court as undeliverable on October 10, 2017, with an indication that plaintiff no longer resided at his address of record. Accordingly, on October 12, 2017, the Court issued an Order to Show Cause Why Complaint Should Not Be Dismissed for Failure to Prosecute ("OSC"). Plaintiff was ordered to respond to the OSC by October 26, 2017 and show cause why the action should not be dismissed for failure to prosecute and/or comply with a court order. The Court cautioned plaintiff that his failure to timely respond to the OSC would be deemed by the Court as consent to the dismissal of this action without prejudice.

The OSC mailing was returned to the Court as undeliverable on November 6, 2017. On November 8, 2017, the Court Clerk's office received a telephone call from plaintiff in which he stated he now resides at a new address in Upland, California. The Court Clerk informed plaintiff he needed to file a notice of change of address with the Court to properly update his address of record. Plaintiff failed to take the proper steps required to file a change of address with the Court.

The Court issued a second OSC on November 30, 2017, ordering plaintiff again to show cause why the action should not be dismissed for failure to prosecute and/or comply with a court order. The Court mailed a copy of this order to what plaintiff had stated in the November 8 telephone call was his current address, as well as his address of record, but ordered plaintiff to properly update his address of record with the Court, and cautioned plaintiff that future mailings would only be sent to plaintiff at his address of record. Plaintiff was ordered to respond to the OSC by December 14, 2017. The Court instructed plaintiff he could discharge the OSC by filing a notice of change of address by that deadline.

Plaintiff did not respond to the OSC by the December 14, 2017 deadline as ordered, and has failed to file a First Amended Complaint or a notice of change of address. The Court has not received any response or other communication from plaintiff since his November 8, 2017 telephone call.

**II.**

3

The original complaint filed by plaintiff herein suffers from the pleading deficiencies discussed in the Court's September 5, 2017 Order Dismissing Complaint With Leave to Amend. When plaintiff failed to file an amended complaint, the Court issued an OSC, giving him an opportunity to show cause for his failure to prosecute and warning plaintiff that failure to comply with the Court's order would be deemed by the Court as consent to the dismissal of this action without prejudice. Plaintiff has failed to file a First Amended Complaint remedying the original complaint's deficiencies. Further, plaintiff failed to respond to the OSC by the deadline to do so. The Court gave plaintiff another opportunity by issuing a second OSC and mailing that OSC to plaintiff at the address he stated in a telephone call as well his address of record. Plaintiff also failed to respond to that OSC. Plaintiff's failure to file a First Amended Complaint, to update his address of record, or to respond in any fashion to the Court's OSCs, despite being admonished of the consequences, evidences a lack of prosecution on his part.

It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (weighing factors); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the court).

In *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988), the Ninth Circuit affirmed the district court's dismissal of a case for failure to prosecute. The Ninth Circuit cited the following factors as relevant to the district court's determination of whether dismissal of a pro se plaintiff's action for failure to prosecute is warranted: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on

their merits and (5) the availability of less drastic sanctions.'" *Id.* at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

In this case, plaintiff has failed to file a First Amended Complaint as directed and failed to respond to the Court's October 12, 2017 and November 30, 2017 OSCs. Plaintiff's failure to follow the Court's orders and to prosecute his case has caused this action to languish, impermissibly allowing plaintiff to control the pace of the docket rather than the Court. *See Pagtalunan*, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). Plaintiff's conduct indicates that he does not intend to litigate this action diligently, or at all. Thus, the first and second factors weigh in favor of dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal.").

A rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Although the defendants here have not yet been served and the pendency of a lawsuit is not itself sufficiently prejudicial to warrant dismissal (*Pagtalunan*, 291 F.3d at 642), nothing suggests that the presumption of prejudice to defendants is unwarranted here. Where a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing parties is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991-92. Here, plaintiff has not offered any excuse for his failure to comply with the Court's orders. Further, "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan*, 291 F.3d at 643 (citing *Sibron v. New York*, 392 U.S. 40, 57, 88 S. Ct. 1889, 20 L. Ed. 2d 917 (1968)). Thus, the third factor also weighs in favor of dismissal.

It is a plaintiff's responsibility to move a case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). By failing to file a First Amended Complaint, failing to keep the Court properly apprised of his current address, and failing to respond to the

Court's October 12, 2017 and November 30, 2017 OSCs, plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh plaintiff's failure to comply with court orders or move the case forward.

The fifth factor, the availability of less drastic sanctions, ordinarily counsels against dismissal. "Alternative sanctions include: a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees, the temporary suspension of the culpable counsel from practice before the court, . . . dismissal of the suit unless new counsel is secured [,] . . . preclusion of claims or defenses, or the imposition of fees and costs upon plaintiff's counsel. . . ." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 n.1 (9th Cir. 1987) (citation and internal quotation omitted). In the instant case, however, each of these possibilities is either inappropriate for a pro se litigant proceeding in forma pauperis under the PLRA or has already been employed with no apparent effect.

The Court attempted to avoid dismissal by: (1) advising plaintiff in its initial order of the requirement to keep the Court informed of his current address; (2) cautioning plaintiff in its September 5, 2017 dismissal order that failure to timely file a First Amended Complaint may result in a recommendation of dismissal; (3) after plaintiff's deadline to file a First Amended Complaint passed, issuing an OSC in which the Court warned plaintiff that failure to timely respond to the OSC would be deemed by the Court as consent to dismissal of the action without prejudice; (4) after the deadline to respond to the OSC passed and the OSC mailing was returned to the Court as undeliverable, issuing a second OSC and mailing that OSC to the address plaintiff gave in a telephone call as well as to his address of record, and again warning plaintiff that failure to timely respond would be deemed as consent to dismissal; and (5) waiting more than a month beyond the deadline to respond to the second OSC before issuing this order. Further, dismissal without prejudice is less drastic than dismissal with prejudice. As there appears to be no less drastic sanction than dismissal without prejudice now available, the fifth

factor weighs in favor of dismissal.

Based on the foregoing, dismissal of the complaint without prejudice is warranted for failure to prosecute and to obey court orders.

## III.

## ORDER

IT IS THEREFORE ORDERED that Judgment shall be entered dismissing this action without prejudice.

DATED: _January 24, 2018

_____
HONORABLE VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE

Presented by:

_____
SHERI PYM
UNITED STATES MAGISTRATE JUDGE